IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEN SHERMAN,

    Plaintiff,

v.

SCOTT PARKS, et al.,

    Defendants.

ORDER

15-cv-84-wmc

On December 23, 2016, the court granted leave for plaintiff Ken Sherman to proceed on his Fourth, Eighth and/or Fourteenth Amendments claims. Dispositive motions are due today, Friday, April 6, 2018, and defendants have filed a joint motion to compel plaintiff's deposition, to impose sanctions and to extend the scheduling order. (Dkt. 38.) Plaintiff has not responded to these motions. For the reasons that follow, I am granting in part and denying in part defendants' motion.

First, I am granting defendants' request for an extension of the dispositive motion and expert report deadlines to **May 4, 2018**.

Second, defendants request an order compelling plaintiff to appear for a deposition, explaining that plaintiff has failed to appear for two noticed depositions, the first set for March 8, 2018, and the follow-up attempt set for April 3, 2018. Defendants further represent that plaintiff's most recent deposition notice was returned as undeliverable, and plaintiff has not provided them with an updated address.

Pursuant to Federal Rule of Civil Procedure 30(a)(1), defendants are entitled to take plaintiff's deposition without leave of court, and plaintiff has not provided any basis on which he should not have to comply with their request. Accordingly, I am granting defendants'

1

motion.  Plaintiff must contact defendants' counsel immediately and find a time to sit for a deposition before **Friday April 20, 2018**.

Finally, I am denying defendants' requests for fees and costs associated with appearing for the March 8, 2018, deposition.  While Federal Rule of Civil Procedure 37 grants the court authority to impose sanctions, at this point I am declining to do so.  For one, plaintiff is proceeding *pro se*, and his inexperience may have caused him not to appreciate the seriousness of his failure to comply with the deposition notices.  Moreover, although defendants are rightfully frustrated by plaintiff's apparent abandonment of this lawsuit, there does not yet appear to be a pattern of misconduct or attempt to delay this lawsuit.  Accordingly, I am denying defendants' request for sanctions.

.	On that note, while I'm denying defendants' motion for sanctions, plaintiff should be aware that his recent behavior puts his lawsuit in danger of dismissal with prejudice.  This is *plaintiff's* lawsuit to prosecute, so it is his obligation to meet court-imposed deadlines and to keep the court and defendants' counsel apprised of his current address and contact information. Plaintiff's failure to provide this information and failure to comply with this court's orders subject his lawsuit to dismissal pursuant to Federal Rule of Civil Procedure 41(b).  This is the only warning plaintiff is going to get: if plaintiff fails to appear for and complete a deposition by April 20, 2018, then the presiding judge almost certainly will dismiss this lawsuit.

ORDER

IT IS ORDERED that:

1. Defendants' motion (dkt. 38) is GRANTED in part and DENIED in part.

2. The dispositive motion and expert disclosure deadline is extended to **May 4, 2018**.

3. Plaintiff is DIRECTED to communicate with defendants' counsel to schedule and sit for a deposition that must occur not later than **April 20, 2018**. **Plaintiff's failure to comply with this order likely will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).**


Entered this 6th day of April, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge